SAVOY, Judge.
This suit was filed by plaintiffs against the defendant seeking a declaratory judgment decreeing them to be the owners of certain real property described in their petition.
Plaintiffs alleged that their author in title, William J. McBride, purchased a certain tract of land on August 2, 1920; that after the purchase McBride went into possession of the property in litigation in the instant suit. Plaintiffs attempted to sell the property, but the title examiners found that a portion of the property, namely, lots 16, 19, 32, 33, 34 and 35 of the Springville addition to the City of Natchitoches, Louisiana, was in the name of defendant. The defendant acquired the land by deed dated August 28, 1845, and duly recorded in the Conveyance Records of Natchitoches Parish, Louisiana, on February 12, 1845.
Plaintiffs alleged further that the City of Natchitoches has assessed them and their ancestor in title with the property; that they have been paying taxes and paving assessments on same; and that defendant is now estopped from claiming ownership of said property.
Plaintiffs also alleged that said property did not 'enjoy the status of locus publicus and is Subject to be acquired by prescription. They allege ownership by virtue of thirty years acquisitive prescription.
Defendant filed an answer admitting that it was the record owner of the property; that the property has been assessed to William J. McBride since 1959; and that paving liens were placed on lots 19, 34 and 35. It contends, however, that the payment of taxes and paving. assessments by plaintiffs does not estop defendant from denying plaintiffs’ ownership; and that prescription does not run against the City of Natchitoches by virtue of LSA-R.S. 9:5804 which provides that prescription cannot run against a municipal corporation which acquires immovable property by recorded deed.
On these issues the case was tried. The district judge rendered judgment for plaintiffs as prayed for. The defendant has appealed.
The first legal question to be determined is whether prescription runs against the City of Natchitoches.
LSA-R.S. 9:5804 provides :
“Any municipal corporation owning alienable immovable property may prevent the running of prescription ac-quirendi causa against it in favor of any third possessor, by recording a notice with the clerk of court of the parish where the property is situated, or with the register of conveyances in the Parish of Orleans insofar as property in that parish is concerned. This notice shall contain a description of the property and a declaration that it is public property belonging to the municipality and the recording shall suspend the running of prescription during the time the ownership of the property shall remain vested in the name of the municipality.
“The recordation of the written act by which a municipal corporation shall acquire alienable immovable property likewise shall be deemed sufficient notice in order to suspend the term of prescription.”
The above section was enacted as Act 169 of 1926. The deed by which the City of Natchitoches acquired the subject property was recorded in 1845. Counsel for appellant contend that the statute is procedural, and therefore, should be applied retroactively; whereas, plaintiffs contend otherwise.
*244 The general rule is that statutes should be construed to operate prospectively unless the words employed show a clear intent to have a retroactive effect. Shreveport Long Leaf Lumber Company v. Wilson, 195 La. 814, 197 So. 566 (1940); Succession of Harz, 181 So.2d 272 (La.App. 4 Cir. 1965).
We agree with the district judge that the above statute cannot be given a retroactive effect. The word “shall” is used several times in LSA-R.S. 9:5804, and that indicates to us that the statute was intended to be applied prospectively, and that it was not to be given a retroactive effect. We think that in order for the City of Natchitoches to have suspended the running of prescription on the property which it acquired prior to 1926, it was necessary for the City to file the notice required in the first paragraph of this section of the revised statute. We also feel that the filing of the written act of acquisition would be sufficient to suspend the running of prescription on any property acquired subsequent to 1926. Our conclusion in the instant suit is that the provisions of LSA-R.S. 9:5804 are not applicable here.
Counsel for defendant next contends in his brief that the land acquired by the City was for a public purpose, namely, for drilling wells to furnish water to the City. As to this contention, the district court said:
“In the case of Louisiana Highway Commission vs. Raxsdale, [La.App.] 12 So.2d [631] 633 (2nd Cir. 1943) the court stated that the deed to the Town of Alexandria contained this clause: ‘and purchased as a street of the said town of Alexandria.’ The court found that there was no dedication of such area to public use and therefore it was not ‘common property.’ The property in the instant case was acquired by the City in 1845 some 126 years ago. It was never in the history of man in the City’s possession or under its dominion. This court does not believe the property was ever in the category of ‘common property’ but even had it been when purchased it had long since ceased to have this quality. See L.C.C. Art. 482.”
We agree with the finding of the trial judge that the property is subject to acquisition by prescription.
The last issue for determination is the plaintiffs’ claim to the ownership by virtue of thirty years prescription.
The record reveals that from 1959 the property was assessed to plaintiffs’ author in title; that taxes were paid on said property to the City, as were paving installments on property owned by plaintiffs abutting a city street. The evidence is to the effect that when McBride purchased the property, he fenced the tract he purchased and' also the one in litigation. McBride also used the land for pasturage. The City never claimed the property until the title to the property was in question by virtue of the title examination.
There was a growth of timber within the enclosures of the property purchased and that possessed by plaintiffs and their author in title.
There were certain vestiges of fences on a portion of the property.
The property in litigation is within the City Limits of Natchitoches and is well defined, the southwest side being marked by Sabine Street, and the eastern side by Second Street.
As stated by the trial judge, both the location and the boundaries of the instant property are easily discernible by the average person.
We are of the opinion that plaintiffs have established their claim to the ownership of the instant property by virtue of thirty years acquisitive prescription. Hill v. Richey, 221 La. 402, 59 So.2d 434; Labarre v. Rateau, 210 La. 34, 26 So.2d 279.
*245 Counsel for defendant complains that being a municipality, defendant is exempt from the payment of court costs, citing LSA-R.S. 13:4521. The position is well taken. The judgment is amended by relieving defendant from the payment of costs except those specified in LSA-R.S. 13:4521.
For the reasons assigned the judgment of the district court is amended by relieving defendant from the payment of court costs except those specified in LSA-R.S. 13:4521, and as amended, is affirmed.
Amended and affirmed.