357 So.2d 25 (1978)
TOWN OF BROUSSARD, Plaintiff and Appellant,
v.
BROUSSARD VOLUNTEER FIRE DEPARTMENT, Defendant and Appellee.
No. 6365.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
*26 Mouton & Roy, by Ralph E. Kraft, Lafayette, for plaintiff and appellant.
Richard J. Bertrand, Lafayette, for defendant and appellee.
Before CULPEPPER, FORET and JOHNSON, JJ.
CULPEPPER, Judge.
Plaintiff, the Town of Broussard, sues the Broussard Volunteer Fire Department for the return of a 1935 Ford fire truck and a pumping unit from a 1955 Dodge fire truck, or, in the alternative, for $11,000 damages. Plaintiff claims ownership of these items which it contends it loaned to the defendant-appellee. Defendant, the Volunteer Fire Department of Broussard, claims to own the truck and the pumping unit by donation from the plaintiff, or, in the alternative, by acquisitive prescription. The trial court found the defendant owns the property by acquisitive prescription. Plaintiff appeals.
The substantial issues on appeal are: (1) Is this property subject to acquisitive prescription? (2) Did the defendant possess as owner?
The parties stipulated the facts. The briefs show these stipulations as follows:
"1. The Town of Broussard purchased and/or acquired the article of fire fighting equipment in question, i. e., a 1935 Ford fire truck and a pumping unit of a 1955 Dodge fire truck, prior to 1955.
"2. There is an absence of any ordinance and/or resolution and/or any other entry in the official records of the Town of Broussard whereby the Town sold, donated and/or transferred any of the fire fighting articles in question to any third person, and more particularly, to the defendants in question.
"3. That the Broussard Volunteer Fire Department has maintained possession of the articles in question since 1955, or since the date of their incorporation, in 1956, as a non-profit corporation under the laws of the State of Louisiana."
LSA-La.Const. of 1974, Art. 12, Sec. 13 provides:
"Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law."
*27 La.Const. of 1921, Art. 19, Section 16 contained the same provisions.
LSA-C.C. Article 3521 provides that: "Prescription runs against all persons, unless they are included in some exception established by law."
The leading case, City of New Orleans v. Salmen Brick & Lumber Company, 135 La. 828, 66 So. 237 (Sup.Ct.1914), followed in Louisiana Highway Commission v. Raxsdale, 12 So.2d 631 (2d Cir. 1943), holds that under C.C. Article 3521 a municipal corporation does not enjoy a constitutional exemption from prescription. They are exempt only if some statute so provides. The court held that under LSA-C.C. Articles 458, 481 and 482, public property to the use of which all inhabitants of a city are entitled in common, such as public streets and walks, are not subject to acquisitive prescription. However, public property which is not used by the people in common, but which is used for their benefit by the administrators of the city, are subject to acquisitive prescription. A helpful discussion of this distinction is found in Landry v. Council of Parish of East Baton Rouge, 220 So.2d 795 (La.App. 1st. Cir. 1969):
"Considering the applicable codal provisions and pertinent jurisprudence, it would appear that public property in the public domain envisions such publicly owned property and facilities as are open to the use of all peoples indiscriminately and without charge and which serve no quasi-commercial or proprietary purpose. Included in this classification are streets, public parks, public walks, libraries, public squares and museums.
On the other hand, publicly owned property or facilities which by their nature are not open to use by the general public but are employed for the common good, such as public offices, police and fire stations, auditoriums and schoolhouses, would appear to fall within the classification of public property in the private domain. In this same order would be included publicly owned property of a quasi-proprietary or quasi-commercial nature such as public markets, airports and port facilities open to that segment of the public having need therefor and for whose use a fee or charge is levied."
We also find guidance in the discussion "Common, Public & Private Things in Louisiana" by A. N. Yiannapoulos, 21 La. Law Review 697, et seq. We quote from that article:
"Property of the private (or national) domain of the state, on the other hand, is property susceptible of private ownership. This notion corresponds to the res fisci of the Roman law. Such property, though serving public purposes directly or indirectly, is not subject to public use. It is clearly alienable by the state, but, for reasons of policy, not subject to seizure and prescription against the state.85. To the private domain belongs also property of political subdivisions of the state which is not destined to public use. As in the case of similar property held by the state itself, such property is susceptible of private ownership and alienable but not exempt from prescription.86 This notion corresponds to the Roman law conception of res (publicae) in patrimonio universitatis."

We conclude that the fire truck and pumping unit are not things "to the use of which all the inhabitants of a city or other place, and even strangers, are entitled in common". Rather, these are things which are to be employed by the administrators for the advantage of the inhabitants of the municipality. See LSA-C.C. Art. 458. These movables are therefore subject to acquisitive prescription.
Having agreed with the trial judge that the movables in question are not exempt from prescription, we must next consider whether defendant's possession was sufficient. If the defendant's possession was precarious, as the plaintiff contends, then LSA-C.C. Article 3510 would prevent acquisitive prescription by the Volunteer Fire Department.
Plaintiff contends the items in question were loaned to the Broussard Volunteer *28 Department with the understanding that the truck and pumping unit were to be returned when plaintiff so requested. If this is the case, then plaintiff must be successful in this appeal.
Defendant first contends this property was manually donated to the Volunteer Fire Department, LSA-C.C. Article 1539, and that it has possessed by just title, as owner, in good faith for three years sufficient for acquisitive prescription under LSA-C.C. Article 3506. We find no merit in this contention, since there is no evidence in the record to support a donation. Moreover, we are not convinced such a disposition by a municipal corporation would be valid under LSA-R.S. 33:4712 pertaining to disposition of municipal property.
Defendant's second contention is that it has always understood plaintiff donated the truck and pumping unit to it in 1955 in consideration of defendant furnishing the personnel to operate the equipment. Defendant says it has possessed the equipment as owner since 1955 and now owns it by prescription.
It is well established that the burden of proof of establishing the facts of acquisitive prescription rests on the party who makes the plea. Humble v. Dewey, 215 So.2d 378 (La.App. 3rd Cir. 1968). However, the possessor is aided in this burden by a presumption that he possessed as owner. We quote LSA-C.C. Article 3488:
"As to the fact itself of possession, a person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another."
This article was not cited by either counsel nor by the trial judge. We applied it in Humble v. Dewey, 215 So.2d 378, 382 (La.App. 3rd Cir. 1968). See also the discussion in "Prescription" by Alvin B. Rubin & Harry S. Sachse, 23 La. Law Review 318, 320 (1963) where this article was favorably noted.
It was, therefore, incumbent on the plaintiff-appellant in the present case to rebut this presumption. Having carefully reviewed the record, we find no evidence whatsoever which would rebut the presumption that the Volunteer Fire Department of Broussard possessed the property as anything but owner. There was no evidence to indicate the nature of the agreement at the time the defendant obtained possession of the fire truck and the pumping unit. There is no evidence which indicates defendant's possession was precarious. We hold that defendant has satisfied the requirements of LSA-C.C. Article 3509 and was correctly decreed the owner of the fire truck and the pumping unit.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
JOHNSON, J., concurs for the reasons assigned by FORET, J.
Before CULPEPPER, FORET and JOHNSON, JJ.
FORET, Judge, concurring:
Plaintiff-appellant, Town of Broussard, contends that the defendant was merely a precarious possessor of the equipment involved. Appellant admits possession by the defendant. Having so admitted, a presumption arises under LSA-C.C. Art. 3488 that defendant-appellee possessed as master and owner. It was incumbent upon plaintiff-appellant to show, by a preponderance of the evidence, that defendant was indeed a precarious possessor. If the Town, in fact, paid for repairs, maintenance, tires, batteries, gasoline, oil, etc. for the fire truck, it would seem that proof of same would have been readily available. Certainly, such evidence would have been highly suggestive that defendant was indeed a precarious possessor.
My main reason for filing this concurring opinion is to state that I am not convinced that defendant was not a precarious possessor, but rather that the plaintiffappellant has failed to prove that defendant was a precarious possessor. Accordingly, I concur in the result reached by the writer of the original opinion.