KNOLL, Judge.
The Village of Maurice (hereafter Village) appeals an adverse judgment dismissing its petitory action against Harris and Brenda Desormeaux (hereafter Desor-meauxes) on a motion for summary judgment. The Village initiated a petitory action against the Desormeauxes asserting ownership of a tract of land donated to the Village in 1922 for use as a public street. The Village never physically possessed the tract, and the Desormeauxes asserted ownership of it by 30 years acquisitive prescription. In opposition to the Desormeauxes’ motion for summary judgment, the Village argued that LSA-R.S. 9:5804, enacted by the legislature in 1926, suspended the running of prescription. The trial court ruled in favor of the Desormeauxes, concluding that under the case of Prothro v. City of Natchitoches, 265 So.2d 242 (La.App. 3rd Cir.1972), R.S. 9:5804 was not retroactively applicable, and since the Village had not re-recorded the 1922 donation after 1926, the effective date of R.S. 9:5804, its beneficial provisions were inapplicable. The sole question for our review is whether R.S. 9:5804 suspends the running of prescription on municipal property acquired and recorded prior to the effective date of that statute. We reverse.
FACTS
On August 26,1922, the Village acquired a tract of land for use as a street by act of donation. Several days later the conveyance was accepted by the Village and recorded. Although the Village never took physical possession of the property, through the years numerous transfers of property adjacent to the tract were made, always excluding the donated tract. In 1978, the Desormeauxes acquired property contiguous to the donated tract from the original donor’s successors in title, and also acquired a quitclaim deed from the successors in title to any interest which they may have held in the property formerly donated to the Village.
The Village filed a petitory action against the Desormeauxes. The litigants filed cross motions for summary judgment on the issue of thirty (30) years acquisitive prescription. The trial court granted summary judgment in favor of the Desor-meauxes on the basis of the Prothro decision.
PRESCRIPTION
The Village contends that the Prothro decision is distinguishable from the present case in that only four (4) years of acquisitive prescription ran in favor of Desor-meauxes’ ancestors in title prior to the passage of R.S. 9:5804. We agree.
R.S. 9:5804 provides:

“Any municipal corporation owning alienable immovable property may pre
*870
vent the running of prescription ac-quirendi causa against it in favor of any third possessor, by recording a notice with the clerk of court of the parish where the property is situated, or with the register of conveyances in the Parish of Orleans insofar as property in that parish is concerned. This notice shall contain a description of the property and a declaration that it is public property belonging to the municipality and the recording shall suspend the running of prescription during the time the ownership of the property shall remain vested in the name of the municipality.

The recordation of the written act by which a municipal corporation shall acquire alienable immovable property likewise shall be deemed sufficient notice in order to suspend the term of prescription. ”
The trial court, relying on dicta in the Prothro decision, held that suspension of the running of prescription did not apply because the Village property was acquired and recorded prior to the effective date of R.S. 9:5804. Therefore, since the Village failed to file a notice in the public records after 1926, the running of prescription was not suspended as provided in R.S. 9:5804, and acquisitive prescription of the property ran in favor of the Desormeauxes.
We find that the case sub judice is clearly distinguishable from Prothro. In Prothro the City of Natchitoches acquired immovable property in 1845 and recorded the deed that same year. It was undisputed that the city never possessed the property (which had been acquired for the drilling of water wells), and that third persons adversely possessed the property in excess of thirty (30) years. Ownership of this tract was litigated in 1970, and on appeal this court held that R.S. 9:5804 could not be retroactively applied to divest the ownership of persons who acquired property by thirty (30) years acquisitive prescription. Under the facts in Prothro the city lost all of its rights in the disputed property through acquisitive prescription which accrued long before the enactment of R.S. 9:5804. It was clear that R.S. 9:5804 could not be used to defeat vested prescriptive rights acquired prior to its enactment.
In contrast to Prothro, at the time of the legislative enactment of R.S. 9:5804, only four (4) years of acquisitive prescription ran in favor of the ancestors of Desor-meaux.
A statute should be interpreted in a manner which affords the most reasonable and practical effect to the entire act. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980). R.S. 9:5804 states that a municipality “may prevent the running of prescription acquirendi causa against it....” (Emphasis added.) It is clear that the legislative intent was to grant municipalities the same protection that the state and parochial bodies enjoy concerning the loss of property by acquisitive prescription. The statute recognizes that the Village’s rec-ordation with the clerk of court of the written act of acquisition was sufficient notice to suspend the term of prescription. It is equally clear under the statute that prescription already running, but not vested, is interrupted. Since the Desormeaux-es’ ancestors had not acquired vested prescriptive rights of thirty (30) years when R.S. 9:5804 was enacted, the Village was entitled to rely on the protective benefits of the legislation without having to re-record the deed of acquisition after 1926. In this regard we choose not to follow the dicta in the Prothro case which may require such a re-recordation. The primary issue before the Prothro court was whether vested prescriptive rights existing prior to 1926 could be defeated by the retroactive application of R.S. 9:5804. As stated above, Prothro held that R.S. 9:5804 could not be retroactively applied. It was by way of dicta that the Prothro court held that a refiling of the act of donation would be required to suspend prescription. Because the legislative intent is clearly expressed in R.S. 9:5804, we find the dicta in Prothro contrary to R.S. 9:5804.
For the foregoing reasons, the judgment of the trial court is reversed, and summary *871 judgment is granted in favor of the Village of Maurice declaring it owner of the contested property. Costs of the trial and of this appeal are assessed to the appellees, the Desormeauxes.
REVERSED.