1BOWES, Judge.

FACTS

The facts of this lawsuit are not in dispute.
*1088 On July 2, 1954, the Jefferson Parish Police Jury adopted a resolution authorizing the expenditure of funds for the purchase of property to be utilized for the future expansion of Veterans Blvd. Part of that purchase was property adjacent to the 4400 block of Veterans Blvd.
In 1962 and 1963, Louis and Benny Com-pagnano built a series of three buildings in the 4400 block of Veterans Blvd. They also placed shells in front of the building for use as a parking lot which encroached on the property owned by the parish which was reserved for future expansion of Veterans Blvd. At trial, Louis Compagnano testified:
I2Q. In those building permits, did you have any parking facilities?
A. Well, we’ll go back to Lot C first. That was the first building we acquired. Yes, we had parking facilities in the rear of the building and the side of the building for the space that we acquired. I think you needed so much parking area at that time. I don’t know whether I acquired the permit or my brother.
Q. All right. But let me ask you, is that all the parking facilities you had? What about the front of the building, let me ask you that.
A. Well, the front of the building, obviously, we didn’t own it—
Q. Well, do you know who owned it?
A. The space. No, who — the parish, yeah.
Sometime thereafter, a hard top surface was l|id. In 1978, the plaintiffs purchased the buildings and that portion of the parking lot which was located on the Compagnano property. The survey utilized in conjunction with the sale showed that the parish owned, the property upon which a portion of the parking lot was located. Nevertheless, the plaintiffs continued to utilized the entire parking lot, including that portion which encroached on the parish land. At trial, plaintiff, Hollander testified that:
Q. Okay. When you purchased this property sir, were you aware that the building was rather close to the Veterans right-of-way line?
A. No sir. I can’t say I was, no sir.
Q. When you went to the closing of the sale, did you see a survey?
A. I did, yes, well, I — I didn’t pay that much attention to it, at the time, I’ll be honest with you.
Jefferson Parish expanded Veterans Blvd. in 1985. In so doing, it eliminated approximately seventeen parking places in the parking lot which were located on the property so designated for expansion. The current owners of the buildings located in the 4400 block of Veterans Blvd., plaintiffs herein, filed suit, alleging that they had acquired a servitude over these spaces by virtue of ten years acquisitive prescription.
laAfter trial on the merits, the court found that the property in question had been dedicated to public use and was therefor not subject to prescription. Plaintiffs’ suit was dismissed. Plaintiffs now appeal. We affirm, but for different reasons.

ANALYSIS

The parish contended, and the trial court agreed, that the land at issue was formally dedicated to public use and therefore not subject to acquisitive prescription. Coliseum Square Association v. City of New Orleans, 544 So.2d 351 (La.1989).
Plaintiffs/appellants contend that the language in the parish resolution dedicating the property to public use, without accompanying language in the sales agreement on file in the mortgage and conveyance office, is insufficient to constitute a formal dedication. See Anderson v. Thomas, 166 La. 512, 117 So. 573 (1928) in which the Supreme Court said that a mere declaration by the parish of the use to which it intends to put the property is insufficient to constitute a formal dedication. We agree, and find that the property at issue here was not dedicated to public use. See also Landry v. Council of the Parish of East Baton Rouge, 220 So.2d 795 (La.App. 1 Cir.1969).
Plaintiffs next argue that assuming the property was dedicated to public use, the parish’s failure to utilize the property during the prescriptive period constitutes an “abandonment” by the parish, thus subjecting the *1089 property to alienation by acquisitive prescription.
In support of their contention, plaintiffs cite City of New Iberia v. Romero, 391 So.2d 548 (La.App. 3 Cir.1980). In that case, the court held that property, although acquired for public use, could be alienated by prescription if said property had never been used or had ceased its use as a public thing. Thus, the defendant acquired ownership of an alley, originally dedicated for public use, by thirty year acquisitive prescription.
Appellants urge that this Court should follow the ruling of the case of City of New Iberia, cited supra, and find that because appellants were in possession of thej^land for over ten years, the parish had abandoned the land and appellants had acquired not ownership, but an interest in the nature of a predial servitude.
That the appellants’ ancestors in title began possession of the property sometime in 1962 or 1963 is not in dispute. At that time, LSA-C.C. art. 765 of the Louisiana Civil Code of 1870 provided that “continuous and apparent servitudes may be acquired by title, or by a possession of ten years. * * * ” This article was replaced by LSA-C.C. art. 742, enacted in 1977 and made effective January 1, 1978.
There is conflicting jurisprudence interpreting the requirements of ten years acquisitive prescription of a continuous apparent service. Some case law suggests that 10 years possession, by itself, was sufficient to acquire a servitude. See Johnson v. Wills, 220 So.2d 134 (La.App. 3 Cir.1969) and cases cited therein. Others suggested that LSA-C.C. art. 765 had to be read in pari materia with the then existing LSA-C.C. art. 3504 to provide that good faith was necessary for acquisitive prescription. Blanda v. Rivers, 210 So.2d 161 (La.App. 4 Cir.1968). This conflict in the law has never been resolved. Eubanks v. State, DOTD, 620 So.2d 954 (La.App. 3 Cir.1993).
However, we are of the opinion that we need not resolve this conflict because we believe that the existence of the parking lot is not the exercise of a predial servitude, but is, instead, an attempt to exercise ownership of the property. It is not disputed that the Parish of Jefferson was the owner of the property in question at the time the plaintiffs’ predecessor in title placed shells on the property and began to utilize same as a parking lot. Likewise, it is not disputed that the parish remained the owner of the property at the time a black top surface was laid, and was still the owner at the time Veterans Boulevard was expanded, eliminating that portion of the parking lot which was located on parish property.
Plaintiffs do not and cannot allege that they are owners of the property, since they have not been in possession of it for thirty years. However, plaintiffs argue that Ifithe utilization of parish property as a parking lot, in excess of ten years, was sufficient to establish a predial servitude over the property.
LSA-C.C. art. 698 provides that “Predial servitudes are established on, or for the benefit of, distinct corporeal immov-ables.”
LSA-C.C. art. 699 states:
The following are examples of predial servitudes:
Rights of support, projection, drip, drain, or of preventing drain, those of view, of light, or of preventing view or light from being obstructed, of raising buildings or walls, or of preventing them from being raised, of passage, of drawing water, of aqueduct, of watering animals, and of pasturage.
LSA-C.C. art. 646 states:
A predial servitude is a charge on a servient estate for the benefit of a dominant estate.
The two estates must belong to different owners.
To constitute a predial servitude, there must be “a charge on a servient estate for the benefit of a dominant estate”.
See also Palgrave v. Tallieu, 508 So.2d 97 (La.App. 5 Cir.1987).
The test, therefore, is whether or not the charge exists for the benefit of the estate *1090 rather than for the benefit of the person. Palgrave, supra.
In this ease, the charge consists of approximately seventeen spaces in a parking lot. This charge does not exist for the benefit of the estate itself, but instead the charge exists for the benefit of the tenants of the building on the adjacent land, so that the lessee of, and the shopkeepers located in, the buildings may have adequate parking for their customers.
Elimination of the seventeen parking spaces does not affect the dominant estate; it does not restrict access, and/or limit or deny drainage, view or light. Because the charge on the estate did not exist for the benefit of the property itself, the plaintiffs did not acquire a predial servitude, by the acquisitive prescription of ten years. | (Accordingly, we hold that the plaintiffs’ actions do not constitute the exercise or establishment of a predial servitude over the adjacent property, owned by the Parish of Jefferson. Rather, the plaintiffs’ actions, in maintaining a parking lot for the benefit of the lessee of their buildings, constitutes an exercise in dominion and control over the property akin to an attempt to exercise ownership of the property.
Plaintiffs have not exercised a servitude over the property in question, but instead have attempted to possess it as owner. Thus, to have acquired a right in or to the property, plaintiffs must have possessed same, as owner, for ten years in good faith under a just title, LSA-C.C. art. 3475[1]; or have possessed it for thirty years regardless of faith and title. LSA-C.C. art. 3486;[2] and plaintiffs had no title, just or otherwise, of any kind to this property.
Accordingly, there is no dispute regarding the fact that the plaintiffs herein did not possess these seventeen parking spaces by virtue of a just title and in good faith. It is also not in dispute that possession of the seventeen spaces began in or around 1962, when the buildings on the adjacent land were erected. The parish utilized the property to widen Veterans Blvd. in 1985, far less than thirty years after the beginning of the acts of possession by the plaintiffs and by their predecessors in title. Therefore, we hold that the plaintiffs acquired no ownership interest in the property on which these seventeen parking places were located.
_J¿For the above discussed reasons, the judgment of the trial court dismissing plaintiffs’ suit is affirmed. All costs of this appeal are assessed against plaintiffs/appellants herein.
AFFIRMED.
KLIEBERT, C.J., concurs.

. LSA-C.C. art. 3475 provides:
The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription.

. LSA-C.C. art. 3486 provides:
Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith.