# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1453

**CITY OF DERIDDER, LOUISIANA**

**VERSUS**

**ADMINISTRATORS OF VACANT SUCC. OF ISAAC J. CELESTINE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 2012-0986
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**David R. Lestage**
**Hall, Lestage & Landreneau**
**Post Office Box 880**
**DeRidder, Louisiana 70634**
**(337) 463-8692**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **City of DeRidder, Louisiana**

**Harold Dewey Register, Jr.**
**A Professional Law Corporation**
**Post Office Box 80214**
**Lafayette, Louisiana 70598-0214**
**(337) 981-6644**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Administrators of Vacant Succ. of Isaac J. Celestine**
     **and Anna Thomas Celestine, Fredrick C. Celestine,**
     **Eva Celestine Gunter, and Marva Celestine Bluitt**

**CONERY, Judge.**

The City of DeRidder, Louisiana ("City") instituted a combined petitory and boundary action against the Vacant Successions of Isaac J. Celestine and Anna Thomas Celestine and their surviving children, Fredrick C. Celestine, Eva Celestine Gunter, and Marva Celestine Bluitt ("Celestines") to determine the ownership of approximately two acres of immovable property that the City claimed was part of the Community Cemetery. After a bench trial on the merits, the trial court ruled in favor of the City, finding it had record title to the property and that La.R.S. 9:5804 precluded the running of acquisitive prescription against the City. The trial court also fixed the boundary of the Community Cemetery in accordance with record title as confirmed by the most recent survey of Registered Professional Land Surveyor Stanley J. Vidrine. The court ordered the Celestines to remove the existing fence which encroached on the City's property at their cost and allow the City to construct a new fence in accordance with the Vidrine survey, the new boundary set by the trial court. The Celestines now appeal the September 18, 2013 judgment of the trial court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 14, 1942, the Long-Bell Farm Land Corporation executed an Act of Donation to the City of a 5.2 acre tract of immovable property for use as a cemetery, the eastern two acres of which are the subject of this lawsuit. The City designated the property as the Community Cemetery and accepted the donation in a May 11, 1942 Resolution. Both the donation and acceptance were filed by the Clerk of Court in Beauregard Parish under Instrument No. 68,733 and were recorded in Conveyance Book 81 at Page 332. The City submitted into evidence at trial a certified copy of the donation and acceptance, as well as the May 20, 1942

survey of R.A. Scalfi, the Parish Surveyor, which depicts the donated property divided into lots and blocks for burial sites.

On February 2, 1949, the Long-Bell Lumber Company, which was a company related to the donor of the Community Cemetery, sold approximately 3.5 acres of immovable property, a portion of which adjoins the eastern boundary of the Community Cemetery, to Mrs. John B. Jones. On August 12, 1957, Mr. John B. Jones subdivided Mrs. Jones's property into the Jones Subdivision. On September 30, 1957, Mr. Jones sold to Isaac and Anna Celestine by virtue of a vendor's lien deed all of Block One and Block Two of the Jones Subdivision. On December 14, 1959, the heirs of Mrs. Jones executed a quit claim deed to Isaac and Anna Celestine conveying their interest to that same land.

Sometime between the May 20, 1942 survey of the Community Cemetery and the purchase of the property in the Jones Subdivision by Isaac and Anna Celestine in 1957, someone erected a fence that runs north and south across the eastern portion of approximately two acres of the originally donated cemetery property. The Celestines contend that their parents maintained the property east of the fence since 1957 and that upon their death, the Celestines have continued to maintain the disputed two acres to the present. The Celestines claim ownership by acquisitive prescription.

Sometime after taking office in July 2006, Mayor Ronald Roberts became aware that the City owned additional property at the Community Cemetery that had not been sold as burial sites. The City's Director of Public Works commissioned a survey by Stanley J. Vidrine, a registered professional land surveyor, in order to determine the extent of the boundary of the City's property. Mr. Vidrine's survey was completed on October 30, 2007. Mr. Vidrine included

the fence by partially drawing it in on the survey, as is the customary practice of surveyors. The fenced-in portion claimed by the Celestines was an encroachment on the City's property as set forth in its title and confirmed by Mr. Vidrine's survey.

Upon completion of the Vidrine survey, the City began communicating with the Celestines concerning the City's claim of ownership of the property east of the fence and its desire to begin to prepare the property to be sold as burial sites. When the Celestines refused to remove the fence and relinquish the disputed property to the City, the City filed this combined petitory and boundary action. After the death of their parents, the Celestines contacted an attorney to prepare the successions of their parents. Those successions were never opened. The City requested that the district court appoint administrators for those vacant successions and named the vacant successions and the three sole heirs in this combined action.

A bench trial on the merits was held on August 7, 2013, after which the parties were allowed to file post-trial memoranda. The trial court promptly issued its written reasons for ruling and judgment on September 18, 2013. The trial court found that although the Celestines were in possession of the approximately two acres of the disputed immovable property, they had no proof of valid title to the disputed acreage. The City had proved record ownership and just title by virtue of the 1942 recordation of both the donation and acceptance. Thus, the Celestines' only other method of proving ownership was by way of thirty years acquisitive prescription pursuant to La.Civ.Code arts. 3446 and 3486.[1]

---

[1] Louisiana Civil Code Article 3446 provides, "Acquisitive prescription is a mode of acquiring ownership or other real rights by possession for a period of time." La.Civ.Code art. 3486 provides, "Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith."

3

In addition to the finding that the Celestines had no proof of valid title to the disputed acreage, the trial court also found that La.R.S. 9:5804 precluded the running of acquisitive prescription against the City. The trial court fixed the boundary of the Community Cemetery based on the 2007 survey of Mr. Vidrine. The trial court then ordered the Celestines to remove the fence partially enclosing the approximately two acres in dispute as depicted on the Vidrine survey at their own cost and allow the City to erect a new fence to mark the boundaries set by the trial court. The Celestines timely appealed.

## ASSIGNMENT OF ERROR

The Celestines assert as their sole assignment of error on appeal that "The trial court erred in ruling that the disputed portion of land is not susceptible to acquisitive prescription because the City never exercised dominion or control over the disputed portion of property."

## LAW AND DISCUSSION

"[A]ppellate jurisdiction of a court of appeal extends to law and facts." La.Const. art. 5, § 10(B). The appellate court must determine whether the trial court committed an error of law or made a factual finding that was manifestly erroneous or clearly wrong. *Gibson v. State*, 99-1730 (La. 4/11/00), 758 So.2d 782, *cert. denied*, 531 U.S. 1052, 121 S.Ct. 656 (2000). The reviewing court must review the record in its entirety to make this determination. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

However, statutory interpretations are questions of law. *Shell v. Wal-Mart Stores, Inc.*, 00-997 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, *writ denied*, 01-1149 (La. 6/15/01), 793 So.2d 1244. Although a reviewing court defers to a trial

4

court's reasonable decision on a question or matter properly within the trial court's discretion, if the trial court's decision is based on an erroneous interpretation or application of the law, such an incorrect decision is not entitled to deference. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983).

In essence, the only issue before this court is the application by the trial court of La.R.S. 9:5804. The trial court found that despite the failure of the City to recognize that their record title to the contested two acres of immovable property had been partially fenced-in and clearly possessed by the Celestines in excess of the thirty year acquisitive prescriptive period, La.R.S. 9:5804 was controlling and suspended the running of acquisitive prescription against the city. The statute provides:

> Any municipal corporation owning alienable immovable property may prevent the running of prescription acquirendi causa against it in favor of any third possessor, by recording a notice with the clerk of court of the parish where the property is situated, or with the register of conveyances in the Parish of Orleans insofar as property in that parish is concerned. This notice shall contain a description of the property and a declaration that it is public property belonging to the municipality and the recording shall suspend the running of prescription during the time the ownership of the property shall remain vested in the name of the municipality.

> The recordation of the written act by which a municipal corporation shall acquire alienable immovable property likewise shall be deemed sufficient notice in order to suspend the term of prescription.

At the trial on the merits, the City properly entered into evidence both the Act of Donation and the May 11, 1942 Resolution whereby the City accepted the donation of the 5.2 acres of immovable property designated as the Community Cemetery, as well as the May 20, 1942 R.A. Scalfi survey which depicts the donated property divided into lots and blocks for burial sites.

5

Mr. Vidrine, who prepared the 2007 survey for the City, testified at trial that he was familiar with the work of Mr. Scalfi, the former Parish Surveyor. Mr. Vidrine purchased Mr. Scalfi's field notes and also worked with his plats and surveys on occasion. Mr. Vidrine further opined that if the fence in question was in existence when Mr. Scalfi performed his survey in 1942, it would have been so noted on his plat. It was not. He further testified that the disputed two-acre tract on the eastern boundary claimed by the Celestines was part of the original donation to the City and that the existing fence encroached on the City's property.

Able counsel for the Celestines cited several cases in brief and at oral argument which they urge support their position that the trial court erred in holding that La.R.S. 9:5804 suspended the running of acquisitive prescription against the City. *Louisiana Highway Comm'n v. Raxdale*, 12 So.2d 631 (La.App. 2 Cir. 1943); *Prothro v. City of Natchitoches*, 265 So.2d 242 (La.App. 3 Cir. 1972); *City of New Iberia v. Romero*, 391 So.2d 548 (La.App. 3 Cir. 1980). The properties at issue in *Raxdale*, *Prothro*, and *Romero* were acquired by the public entities prior to the enactment of La.R.S. 9:5804 in 1926. The holdings in those cases do not apply to cases such as this arising subsequent to the statute's enactment.

The trial court correctly held that by filing and recording the donation, acceptance, and the parish surveyor's plat in this case, the City proved it had complied with the statute and suspended the running of acquisitive prescription pursuant to La.R.S. 9:5804:

> City presented evidence that it met the requirements of this statute, preventing the running of acquisitive prescription against it from November 14, 1942, thus, defendants cannot claim ownership[.] Defendants have not proved that they gained ownership through acquisitive prescription from ancestors in title of the property before City suspended the running of prescription against it.

The Celestines nevertheless argued to the trial court that acquisitive prescription had run against the City "because the tract of land in dispute has never been used or owned by the municipality as a public thing[.]" The trial court also ruled against the Celestines on this issue, citing La.Civ.Code art. 450 and *Locke v. Lester*, 78 So.2d 14 (La.App. 2 Cir. 1955) for the proposition that prescription is suspended for an entire tract of land accepted and recorded pursuant to La.R.S. 9:5804. The trial court stated, "The court finds the Acceptance by the City of the donated land that designates the immovable property as a Community Cemetery establishes the property as a public thing."

The trial court further found that even if the immovable property at issue was deemed to be a "private thing," it also would not be susceptible to acquisitive prescription based on the provisions of La.Civ.Code art. 3485, which provides, "All private things are susceptible of prescription unless prescription is excluded by legislation." The trial court correctly found that Comment (c) of La.Civ.Code art. 3485 specifically lists La.R.S. 9:5804 as a legislative provision which excludes the running of acquisitive prescription against a "private thing" when that thing is owned by a political subdivision of the State, such as the City. Thus, the City's compliance with the provisions of La.R.S. 9:5804 would also have suspended the running of acquisitive prescription even if the property in question had been a private thing.

We find no legal error in the trial court's ruling and find that there is ample evidence in the record to support the trial court's factual findings. We find no manifest error and affirm its decision on this issue.

The trial court then addressed the City's boundary action pursuant to La.Civ.Code art. 792, which states, "The court shall fix the boundary according to

7

the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to the limits established by possession." Additionally, La.Code Civ.P. art. 3693 instructs, "After considering the evidence, including the testimony and exhibits of a surveyor or other expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties."

The trial court ultimately found that the City had proved ownership of the disputed property, had complied with the notice requirements of the statute, and in its judgment, the court fixed the boundaries of the Community Cemetery in accordance with the 2007 Certificate of Survey by Mr. Vidrine. The trial court ordered the Celestines to remove the fence enclosing the approximately two acres at their own cost and allow the City to erect a new fence to mark the boundaries set by the trial court.[2] We agree and affirm the trial court's judgment in all respects.

## CONCLUSION

Finding that the trial court did not commit an error of law in its application of La.R.S. 9:5804 and did not make a factual finding that was manifestly erroneous or clearly wrong, we affirm the trial court's judgment in favor of the City of DeRidder, Louisiana. We assess all costs of this appeal to the appellants, the Vacant Successions of Isaac J. Celestine and Anna Thomas Celestine and their surviving children, Fredrick C. Celestine, Eva Celestine Gunter, and Marva Celestine Bluitt.

**AFFIRMED.**

---

[2] *See Seminary v. DuPont*, 09-1082 (La.App. 5 Cir. 5/11/10), 41 So.3d 1182, *writ denied*, 10-1336 (La. 9/24/10), 45 So. 3d. 1077, wherein a mandatory injunction was affirmed by the fifth circuit, ordering a neighbor to remove a fence that encroached on the neighboring homeowner's property.