THERIOT, J.
|aThe appellant, Edward A. Allen, appeals the judgment of the Twenty-Second Judicial District Court that granted peremptory exceptions on behalf of the appel-lee, Susan Taylor Martin, and dismissed the appellant’s claims against the appellee. The appellee also filed a motion to dismiss this appeal. For the following reasons, we deny the motion to dismiss the appeal, and affirm the judgment.
FACTS AND PROCEDURAL HISTORY
On December 28, 2007, Mr. L. Walker Allen (“Walker”) purchased a 2008 Toyota Land Cruiser, valued at $69,671.60 at the time of purchase. To purchase the vehicle, Ms. Susan Taylor Martin (“Susan”), who was Walker’s wife at the time, contributed to the purchase of the Land Cruiser with the trade-in of her own vehicle, a 2002 Toyota, which was valued at approximately $20,500.00. Mr. Edward A. Allen (“Edward”), who is Walker’s son and Susan’s former step-son, also contributed to the purchase of the Land Cruiser with the trade-in of his own vehicle, a 2006 Toyota 4-Runner, which was valued at approximately $26,000,00. Walker contributed $24,171.50 in cash toward the purchase. Edward was not present at the purchase of the Land Cruiser.
Walker and Susan divorced in 2012.[1] On December 18,2012, Edward filed a petition for partition of a corporeal movable, namely the 2008 Land Cruiser. In the petition, Edward claimed that he, Walker, and Susan were co-owners of the Land Cruiser, and due to the rapid depreciation of the vehicle’s value, desired a' partition by licitation pursuant to La. C.C. |sart. 809.[2] Edward further alleged that Walker and Susan had been unjustly enriched.
*480 On December 19, 2012, Walker answered Edward’s petition, stating that Susan was in sole possession of the Land Cruiser, and denied that he had been unjustly enriched. Susan subsequently answered Edward’s petition, admitting that Edward contributed toward the purchase of the Land Cruiser with the trade-in of his 4-Runner. Susan filed peremptory exceptions of prescription relating to the issue of Edward’s co-ownership and of no cause of action relating to the claim of unjust enrichment. At the hearing on the exceptions, Susan was the only person to testify. The trial court signed a judgment on October 26, 2015, sustaining the exception of prescription as to Edward’s claim of ownership, and sustaining the exception of no cause of action as to the claim of unjust enrichment. It is from this judgment that Edward appeals.
SUBJECT MATTER JURISDICTION
Initially, we must address whether we have subject matter jurisdiction over the instant appeal. The judgment of the trial court sustaining the peremptory exceptions, signed on October 26, 2015, contains the following decretal language:
IT IS ORDERED, ADJUDGED, AND DECREED that Exceptions of Prescription and No Cause of Action filed by Susan Taylor Martin be and are hereby SUSTAINED. Edward A. Allen’s claims against Susan Taylor Martin be and are hereby DISMISSED at Edward A. Allen’s cost.
We note that the judgment does not specify whether the dismissal of Edward’s demands are with or | ¿without prejudice. When a judgment is silent as to whether it is dismissed with or without prejudice, the dismissal must be without prejudice. Collins v. Ward, 2015-1993 (La. App. 1 Cir. 9/16/16), 204 So.3d 235, 2016 WL 4956140; State ex rel. Dep’t of Soc. Serv. v. A.P., 2002-2372 (La.App. 1 Cir. 6/20/03), 858 So.2d 498, 503 n. 10. Therefore, the dismissal is without prejudice, and the judgment is final and appealable.
MOTION TO DISMISS APPEAL
Susan filed a motion to dismiss appeal in this Court on May 10, 2016. In the motion to dismiss the appeal, Susan claims that since Edward only raised assignments of error related to the prescription issue, the trial court’s judgment on the issue of no cause of action would remain unaltered. As a result, Susan argues, the appeal would only amount to an advisory opinion that is inappropriate for this Court to consider.
It is well settled that an appellate court will not render advisory opinions from which no practical results can follow. See Suire v. Lafayette City-Parish Consol. Government, 04-1459 (La. 4/12/05), 907 So.2d 37, 55; Lake Bistineau Preservation Soc., Inc. v. Seales, 40, 583 (La. App. 2 Cir. 2/10/06), 922 So.2d 768, 773, writ denied, 2006-0620 (La. 5/26/06), 930 So.2d 27. An appellate court, as a matter of judicial economy, has a right to consider the possibility of mootness and dismiss the appeal if the matter has in fact become moot. Seales, 922 So.2d at 773.
If an appellant appeals only one of two exceptions that dismiss his petition in its entirety, then the exception he or she does not appeal is still effective, and the exception that is appealed is moot. In such a scenario, an appeal would indeed • result in an improper advisory opinion. In the instant case, however, that scenario is not present. The exception of prescription relates only to the issue of ownership, and the exception of no cause of action relates only to the issue of unjust enrichment. The exception of no cause of action did not dismiss the petition in its entirety.
*481 |BThe remedy of unjust enrichment is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. La. C.C. art. 2298. Edward pled unjust enrichment in the alternative, should his request for partition by licitation not be granted. Edward therefore had the remedy of partition available to him, and unjust enrichment only would have filled the gap in the law if no such remedy was expressly provided. Mouton v. State, 525 So.2d 1136, 1142-1143 (La. App. 1 Cir. 1988), writ denied, 526 So.2d 1112 (La. 1988). The failure of the unjust enrichment remedy had no effect on the success or failure of the principal remedy of partition by licitation. Therefore, the appeal of the prescription issue before this Court is not moot, and thus, the motion to dismiss the appeal is denied.
ASSIGNMENTS OF ERROR
Edward alleges two assignments of error:
1. The trial court committed legal error by making a finding for which there was no evidentiary support in the record, namely that for the purposes of the prescription statutes, Susan was in “good faith” in her belief that she was the sole owner of the Land Cruiser when her own testimony showed that belief was merely subjective and she admitted under oath that she had objective knowledge of the factual basis for Edward’s competing claim to co-ownership.
2. The trial court committed legal error by finding that Edward’s claim to partition the Land Cruiser had prescribed by three years when there was no evidence in the trial record that could show any “overt and unambiguous acts” by Susan that could have put Edward on notice that she claimed to possess that vehicle adversely to him; that is, no evidence of any date on which a prescriptive claim of ownership could ever have commenced to run against his claims.
STANDARD OF REVIEW
If evidence is introduced at the hearing of the peremptory exception of prescription, the trial court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1267. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id; Stobart v. State, Through DOTD, 617 So.2d 880, 882-83 (La. 1993).
DISCUSSION
Both assignments of error deal with the trial court’s sustaining the exception of prescription, so we will review them together. Under La. C.C. art. 3490, title to movables may be acquired through prescription of three years by a good faith possessor. To establish three year acquisitive prescription under article 3490, one must establish: (1) possession as owner for three years; (2) in good faith; (3) under an act sufficient to transfer ownership; and (4) without interruption. In re Succession of Wagner, 2008-0212 (La.App. 1 Cir. 8/8/08), 993 So.2d 709, 722. The party asserting acquisitive prescription has the burden of proving all facts essential to support it. Id. Moreover, mere physical possession is insufficient. Id.
According to Wagner, Susan, the mov-ant, must prove all four of the above elements to establish good faith possession of the Land Cruiser for three years. Only Susan testified at the hearing on the ex *482 ception, and no documentary evidence was admitted at trial. Susan’s unrefuted testimony established that she beheved herself to be the owner of the Land Cruiser since December of 2007, when Walker gave it to her as a Christmas gift. She testified that she and Walker signed the purchase agreement, but Edward did not. She was physically present at the purchase, Edward was not. Her name and Walker’s name appeared on the certificate of title, Edward’s did not. She never had any discussions with Edward over whether he was a co-owner of the Land Cruiser. Susan claimed that Edward made no |7demands of ownership until he filed the instant suit in 2012. Susan also testified that she was aware that Edward’s own vehicle was traded in as part of the payment for the Land Cruiser.
The above testimony clearly established that Susan possessed the Land Cruiser as owner for five years without interruption. The act sufficient to transfer ownership can either be characterized as Walker’s giving the Land Cruiser to Susan as a gift, or by the purchase itself, in which Susan directly participated. For acquisitive prescription of three years to be established, the final element of good faith on the part of Susan must be established.
A trial court’s determination of whether a person acted in good faith is a factual finding which cannot be disturbed in the absence of manifest error. Wagner, 993 So.2d at 722. Susan’s testimony indicates that at the time the Land Cruiser was purchased and given to her, neither Walker nor Edward had contested her possession/ownership. Despite Edward’s trade-in to contribute toward the purchase of the Land Cruiser, Susan testified that she believed the vehicle was a gift to her.
As the trier of fact, a trial court is charged with assessing the credibility of witnesses and, in so doing, is free to accept or reject, in whole or in part, the testimony of any witness. Wagner, 993 So.2d at 722. It is clear from the record that the trial court found Susan a credible witness, and without any evidence presented to controvert her claims, the trial court concluded that Susan possessed the Land Cruiser in good faith. When factual findings are based upon determinations regarding the credibility of the witnesses, the manifest error standard demands that great deference be accorded to the trier of fact’s findings. Id. We do not find the trial court’s conclusion to be manifestly erroneous and we will not disturb its findings.
| ^Moreover, the record is void of any evidence to establish that Edward had an ownership interest in the Land Cruiser. Since Edward failed to prove he was a co-owner, he was not entitled to any notice of an adverse possession by Susan. See Town of Broussard v. Broussard Volunteer Fire Dep’t, 357 So.2d 25, 28 (La. App. 3d Cir. 1978) (applying the provisions of former La. C.C. art. 3488, the substance of which was reproduced in La. C.C. art. 3427 by La. Acts 1982, No. 187, sec. 1).
DECREE
The motion to dismiss the appeal filed by Susan Taylor Martin, the appellee, is denied. The ruling of the Twenty-Second Judicial District Court sustaining the peremptory exception of prescription is affirmed. All costs in this matter are assessed to the appellant, Edward A. Allen.
MOTION TO DISMISS APPEAL DENIED; JUDGMENT AFFIRMED.

. See Lange Walker Allen II v. Susan Taylor Allen, 2011-14151, div. "K,” 22nd JDC.

. Louisiana Civil Code article 809 is titled “Judicial and extrajudicial partition,” and states that the mode of partition may be determined by agreement of the co-owners. In the absence of such an agreement, a co-owner may demand judicial partition. Louisiana Civil Code article 811 is specific to partition by licitation or private sale, as Edward requested in his petition.