850 So.2d 824 (2003)
Robert E. POOLE
v.
TERRELL MUSGROVE SIDING AND GUTTER and Louisiana Workers' Compensation Corporation.
No. 03-CA-139.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2003.
*825 Joel P. Loeffelholz, New Orleans, LA, for Appellant.
Charles C. Holbrook, Baton Rouge, LA, for Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
In this worker's compensation case, Appellant, Robert E. Poole, Sr., appeals the trial court's ruling that he was not totally and permanently disabled. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On June 9, 1997, Plaintiff, Robert Poole, Sr. ("Poole"), was employed by Defendant/Appellee, Terrell Musgrove Siding And Gutter ("Musgrove"), working to remove siding from a home. On that date, Poole was injured in the course and scope of his employment after a "walk board" that he was standing on collapsed, resulting in injuries to his left foot.
*826 On June 17, 1999, Poole filed a Disputed Claim For Compensation with the Office of Worker's Compensation against Terrell, and its insurer, Louisiana Workers' Compensation Corporation ("LWCC"), on the basis that his wage benefits had been terminated or reduced on July 1, 1999. Following a trial on October 16, 2000, the trial court determined that Poole had, in fact, been injured in the course of his job but that he was not totally and permanently disabled. The trial court further determined that Poole was entitled to supplemental earnings benefits, as well as the payment of medical expenses, and that he could return to work in a sedentary capacity. Musgrove was ordered to assist Poole in retraining and identifying jobs that were suitable in accordance with Poole's restrictions.
Poole filed a Motion For A New Trial that was granted by the trial court on August 17, 2001. On February 7, 2001, the trial court reversed its original judgment, and found Poole to be totally and permanently disabled. Terrell took an appeal from the December 20, 2001 judgment to this Court. We vacated and remanded the December 20, 2001 judgment in an unpublished opinion,[1] thereby reinstating the trial court's original finding that Poole was not totally and permanently disabled. On remand, on February 9, 2001, the trial court reinstated it original judgment as a final and appealable decision. It is from the February 9, 2001 judgment that Poole now appeals.

LAW AND ANALYSIS
In his lone assignment of error, Poole asserts that the trial court erred in finding that he was not totally and permanently disabled as a result of the June 9, 1997 accident.
In claiming a total disability, whether temporary or permanent, the plaintiff must prove his inability to engage in any gainful occupation, whether or not the same or similar to that customarily engaged in at the time of injury.[2] The plaintiff may rely on medical and lay testimony.[3] Once the trial court has made factual findings as to disability and the length thereof, those determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error.[4]
We first note that Musgrove and the LWCC do not dispute that Poole was injured in the course and scope of his employment with Terrell. We therefore next consider the evidence presented to the trial court regarding the extent of Poole's injury, and to what degree Poole has sustained permanent disability. The case was submitted to the trial court on the basis of depositions, as well as evidence pertaining to Poole's medical treatment and vocational evaluations.
After the accident, Poole treated with Dr. Kenneth Adatto, a specialist in orthopedic surgery. Dr. Adatto testified in his deposition that he first saw Poole in August 1998, in regard to a fractured ankle and heel in Poole's left foot. By the time of the initial consultation, Poole had already had screws surgically implanted into his foot to facilitate repair of the fracture. Dr. Adatto testified that Poole basically wanted a second opinion about whether *827 anything else could be done to enhance his recovery. Dr. Adatto noted that at the time of the consultation, Poole's fracture had healed.
After referring Poole to Dr. Rodriguez, Dr. Adatto concluded that "another surgery would not make [Poole] any better," and that Poole "would always have problems." Dr. Adatto said that he informed Poole that he recommended no further surgery, but that his office continued to follow through with Poole until April of 1999, monitoring Poole for bone infection, and trying him on pain management.
Dr. Adatto testified that on January 14, 1999, he advised Poole that Poole should "find a lighter job which did not require walking or standing." Specifically Dr. Adatto noted that Poole could "do a desk job where he does not have to stand or walk all day long."
Dr. Adatto was questioned about his office visit notes for Poole and the phrase he had written, "Permanent total disability." Dr. Adatto clarified:
Permanent total disability of that foot and ankle. He [Poole] has about twenty to twenty-five percent anatomical disability because of that foot and ankle, and then he cannot stoop, walk, climb, or stand for any prolonged periods. He has a disability of the foot and ankle. It prevents him from doing some other things. I mean, the least little thing, no matter who you are, you have a ten percent disability.
Dr. Adatto further testified that Poole was not totally disabled from all employment.
Poole's deposition was also entered into evidence. In his deposition, Poole testified that he had a fifth grade education and could read, write, and to a certain extent, count money. Poole stated that following the accident, he underwent foot surgery with Dr. Donatto, after which he sought treatment with Dr. Adatto.
Poole further testified that he met with vocational consultant, Jeffrey Carlisle, who identified several jobs for Poole to pursue. Poole indicated that out of three possible job openings listed in the first letter he received from Carlisle, he applied for two of the positions. From a second letter from Carlisle that Poole received, Poole indicated that he applied for six out of seven positions listed. Upon further examination, however, Poole admitted that he had only applied for one of the positions. The record contains letters from several different potential employers that Poole was sent to, each indicating that the position Poole had inquired about had already been filled. Poole testified that he did not think that he could do a majority of the jobs that Carlisle recommended. In response to a question about whether Poole would want a job where he could sit as needed, he responded affirmatively.
LSA-R.S. 23:1221(2)(c), pertaining to worker's compensation disability benefits provides:
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability *828 of any such employment or self-employment.
On appeal, Poole, who was 48 at the time of trial, asserts that the trial court erred in failing to find him permanently disabled, arguing that prior to his injury he was only able to work at manual labor jobs, and that he is presently "too old to be retrained educationally to be able to handle jobs requiring reading, writing, simple mathematics, etc." In support of this contention, Poole cites to the case of Comeaux v. City of Crowley.[5]
In Comeaux, the Louisiana Supreme found that, considering the plaintiff's physical deficiencies and his age, work experience, and educational inadequacies, it was not an error to consider him to be permanently disabled, after an attempt at a successful rehabilitation failed. In that case, the plaintiff, Comeaux, was a fifty year old male with an eighth or ninth grade education, and the vocational expert assigned to his case was of the opinion that Comeaux was vocationally unemployable in any occupation.
The Supreme Court reasoned:
[W]hile lack of education alone is not sufficient to establish permanently, totally disabled, lack of education combined with lack of ability to be educated should not serve as a bar to permanently, totally disabled status. Anthony v. Georgia Pacific Corp., 589 So.2d 47 (La. App. 1st Cir.1991), writ denied, 594 So.2d 895 (La.1992)(rejecting argument that it was error to consider employee's lack of education and low intellectual capacity coupled with physical limitations resulting from back injury in determining permanently, totally disabled status).
We find the facts in the present case to be distinguishable from those in Comeaux, however. Although Poole reportedly only attended school through the fifth grade, there is nothing in the record to support a finding that he has unsuccessfully undergone rehabilitation, or that he is otherwise unable to undergo retraining because of other factors such as his age or prior education.
After a review of the record, we cannot say that the trial court's finding that Poole was not totally and permanently disabled was manifestly erroneous. Poole's own treating physician, Dr. Adatto, testified that Poole could work at jobs that do not require walking or standing for long periods of time. Dr. Adatto also testified unequivocally that Poole was not totally disabled from all employment. This medical testimony was unrefuted at trial. Further, Poole himself admitted that, if he could find a job where he could sit as needed, he could conceivably find employment.
Finally, Poole also asserts that the trial court erred in failing to award penalties and attorney's fees, arguing that Musgrove and LWCC's unreasonable actions have placed him on supplemental earning benefits without cause. In light of our previous holding that Poole is not permanently disabled, we find this assignment to be without merit.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Poole v. Terrell Musgrove Siding & Gutter, 02-489 (La.App. 5 Cir. 10/29/02), 829 So.2d 675.
[2] LSA-R.S. 23:1221(1).
[3] Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980).
[4] Tassin v. Cigna Ins. Co., 583 So.2d 1222, 1225 (La.App. 3rd Cir.1991).
[5] XXXX-XXXX (La.7/3/01), 793 So.2d 1215.