917 So.2d 1138 (2005)
Robert E. POOLE, Sr.
v.
TERRELL MUSGROVE SIDING & GUTTER.
No. 05-CA-240.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*1139 Joel P. Loeffelholz, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee-2nd Appellant.
*1140 Amanda H. Carmon, Attorney at Law, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and JAMES C. GULOTTA, Pro Tempore.
JAMES C. GULOTTA, Judge Pro Tempore.
This is a workers' compensation case arising out of an injury plaintiff sustained on June 9, 1997[1]. In Poole v. Terrell Musgrove Siding and Gutter, 03-139 (La. App. 5 Cir. 6/19/03), 850 So.2d 824, earlier before this Court involving the same parties, we affirmed the trial judge's determination that plaintiff was injured while in the course and scope of his employment with Musgrove; that he was not totally and permanently disabled; that he was entitled to supplemental earnings benefits and medical expenses; that he could return to work in a sedentary capacity; and that Musgrove should assist him in retraining and identifying jobs that were suitable in accordance with his restrictions[2].
What precipitated the instant action was the reduction of plaintiff's supplemental earnings benefits, effective February 28, 2004, from $268.00 per week to $108.00 per week.
After a hearing on the merits, the trial judge found that defendant had discontinued and reduced plaintiff's supplemental earnings benefits without reasonably controverting his entitlement to benefits. The trial judge then reinstated the supplemental earnings benefits at $268.00, retroactive to February 28, 2004. A $2,000.00 penalty and $5,000.00 in attorney fees were assessed[3].
In addition, the trial judge found that plaintiff is not totally and permanently disabled from all work activities; that he has a permanent and total disability to his foot and ankle; that vocational rehabilitation efforts have failed; that the jobs identified were not realistically obtainable by plaintiff because of his physical and educational impairments and lack of training; and that plaintiff has no wage earning capacity at this time based on his age, education, training, experience, and physical impairments. Both plaintiff and defendants appeal. Plaintiff also filed an answer to defendants' appeal requesting damages for a frivolous appeal and attorney fees.

Plaintiff's Appeal
For the purpose of continuity, we will consider plaintiff's appeal first. Plaintiff's sole assignment of error is that the trial judge erred in finding that he is not totally and permanently disabled from all work activities. Plaintiff asserts that because of a totality of factors, specifically his injury, his lack of education, the failure of all rehabilitation efforts, his inability to be reeducated and retrained, his intellectual and educational deficiencies, his age, and the harsh realities of the workplace as it exists today, he is completely disabled.
At trial Kenneth Adatto, M.D., an expert in orthopedics and orthopedic surgery, testified that he has been treating plaintiff since August 20, 1998. Dr. Adatto testified that plaintiff broke his heel, had screws surgically inserted in his foot to *1141 stabilize the fracture, and subsequently developed post-traumatic arthritis in the foot, ankle, and heel area. He was of the opinion that plaintiff's foot has stabilized; additional surgery will probably not be necessary and is not recommended. According to Dr. Adatto, plaintiff's treatment has been a matter of pain management and observation for the last three or four years. Dr. Adatto further testified that plaintiff takes a low-dosage, relatively non-addictive pain medication, an anti-inflammatory medication for the arthritis, and sleep medication. This allows plaintiff to "function and do things normally if he wants to."
Further, Dr. Adatto testified that plaintiff is not permanently and totally disabled but rather has a permanent and total disability of the foot and ankle. Regarding plaintiff's physical restrictions, Dr. Adatto stated that plaintiff is able to stand and walk eight hours a day as long as he does it in "small increments." Occasional walking and/or occasional standing on the job is okay, but a job which requires plaintiff to stand or walk all day long would not be recommended, according to Dr. Adatto. He recommended that plaintiff be retrained for a job that meets these restrictions.
Todd S. Capielano, an expert in the area of vocational rehabilitation and counseling, testified that plaintiff was referred to him by Louisiana Workers' Compensation Corporation (LWCC) for the purpose of a vocational rehabilitation assessment to clarify plaintiff's vocational rehabilitation potential and to offer services to assist plaintiff in returning to gainful employment.
Capielano stated that based on plaintiff's educational levels, which did not exceed the eighth grade, and the fact that the vast majority of the jobs identified for plaintiff do not require academic remediation in high school, there is a "realistic potential" for plaintiff to obtain employment.
Plaintiff cites Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993) and Comeaux v. City of Crowley, 01-0032 (La.7/3/01), 793 So.2d 1215 to support his position that a totality of factors in this case prove that he is permanently and totally disabled.
We disagree. Pinkins involves supplemental earnings benefits, not permanent total disability. Further, in Comeaux the Supreme Court rejected the "extension of Pinkins, supra, a supplemental earnings benefits case, to this permanently, totally disabled case." Comeaux, 793 So.2d at 1221.
La. R.S. 23:1221(2)(a) provides, in pertinent part, that compensation for permanent total disability shall be paid:
... For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience ...
La. R.S. 23:1221(2)(c) further provides, in pertinent part, that:
... compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability *1142 of any such employment or self-employment. (emphasis added)
The clear and convincing standard in the workers' compensation context is defined as an intermediate standard falling somewhere between the ordinary preponderance of the evidence civil standard and the beyond a reasonable doubt criminal standard. Comeaux, supra; Hatcherson v. Diebold, Inc., 00-3263 (La.5/15/01), 784 So.2d 1284; Young v. Physicians & Surgeons Hosp., 39,348 (La. App. 2 Cir. 3/2/05), 895 So.2d 723.
In our case, we conclude that plaintiff failed to carry the burden of presenting clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment, regardless of the nature or character of the employment. Accordingly, we find no manifest error in the trial judge's ruling that plaintiff is not totally and permanently disabled from all work activities.

Defendants' Appeal
In defendants' appeal three errors are asserted. In their first assignment of error, defendants claim the trial judge's ruling that plaintiff has a permanent and total disability to his foot and ankle is clearly erroneous and is not supported by the evidence in the record.
We disagree. As noted above, Dr. Adatto testified that he has been treating plaintiff since August 20, 1998 and in his opinion plaintiff has a permanent and total disability of the foot and ankle. A trial judge's finding regarding disability is a factual finding which should be given great weight and should not be overturned absent manifest error. Bolton v. Grant Parish School Bd., 98-1430 (La.3/2/99), 730 So.2d 882.
Accordingly, we find no manifest error in the trial judge's ruling that plaintiff has a permanent and total disability to his foot and ankle.
Defendants' next two claims pertain to plaintiff's supplemental earnings benefits. Defendants argue that the trial judge erred in awarding additional supplemental benefits, and in finding that defendants did not reasonably controvert plaintiff's claim for additional supplemental earnings benefits. Though defendants use the term "additional," this matter actually involves restoration of supplemental earnings benefits reduced by plaintiff.
Generally, a claimant has the initial burden of showing that he is entitled to supplemental earnings benefits. Fortune v. Charbonnet-Labat Funeral Home, 95-1954 (La.App. 4 Cir. 3/14/96), 671 So.2d 988. However, defendants are not disputing plaintiff's entitlement to supplemental earnings benefits. Rather, they assert that they properly reduced the benefits.
In order for an employer to properly reduce an employee's supplemental earnings benefits, the employer must show that the employee is earning less than he is able to earn. Id. In order to do that, an employer must prove that the employee was physically able to perform a particular job and either that the job was offered to him or that the job was available to him in his community or reasonable geographic region. Id. Generally, an employer can meet that burden by showing that jobs are generally available within the range of the employee's capacity. Id. However, these jobs must be realistically obtainable by the employee and must offer earnings which are more than mere speculation. Id.
At trial Capielano testified that between September 2003 and January 2004 he identified twelve available job leads for plaintiff's consideration, several within his capabilities.
Plaintiff testified that he pursued several of the jobs Capielano identified for him, *1143 but had difficulty comprehending some of the long sentences on the applications and had to seek assistance. He further testified that he did not feel capable of performing one of the positions. No job interviews resulted from any of plaintiff's job applications.
The evidence considered, we conclude the trial judge did not err when she found that the plaintiff is entitled to supplemental earnings benefits from February 28, 2004 and continuing in the amount of $268.00 per week.

Penalties and Attorney Fees
Defendants also assert that the trial judge erred in assessing a penalty and in awarding attorney fees because they reasonably controverted plaintiff's claim for supplemental earnings benefits. We disagree. Failure to provide supplemental earnings benefits in accordance with La. R.S. 23:1201 shall result in the assessment of a penalty and reasonable attorney fees unless the claim is reasonably controverted. La. R.S. 23:1201(F).
LWCC adjuster, William E. Schulenberg, Jr., testified that he took over plaintiff's file after the reduction in supplemental earnings benefit. He further testified that he was not that familiar with the case and that it was hard for him to say what decision making process was used in determining that plaintiff's benefits should be reduced. We can not conclude defendants reasonably controverted plaintiff's claim. Accordingly, we find the trial judge did not err when she awarded a penalty and attorney fees.
Plaintiff also filed an answer requesting damages for frivolous appeal and additional attorney fees in this Court. La. C.C.P. art 2164 provides that damages may be awarded for frivolous appeal. La. C.C.P. art 2164 is penal in nature and must be strictly construed. Alombro v. Alfortish, 02-1082 (La.App. 5 Cir. 4/29/03), 845 So.2d 1171, writ denied, 03-1946 (La.10/31/03), 857 So.2d 485. An appeal is not automatically deemed frivolous simply because it lacks merit. Id. Frivolous appeal damages are allowed only when it is obvious that the appellant took the appeal solely for the purpose of delay or that counsel is not sincere in the view of the law he advocates. La. C.C.P. art. 2164; Stroud v. Morrison Nursery, 04-1610 (La.App. 3 Cir. 4/6/05), 899 So.2d 840. We find that defendants' appeal was not a frivolous one. Therefore, we decline to award damages.
After consideration of plaintiff's request in his answer for additional attorney fees in this appeal, we conclude that an additional amount of $2,000.00 in attorney fees should be and is awarded to plaintiff's attorney.
Accordingly, we amend the judgment of the trial court to award an additional $2,000.00 in attorney fees to plaintiff's attorney. As amended the judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The record indicates that plaintiff has not worked since this accident.
[2] Res judicata was not specifically pled in this case. Courts cannot supply the objection of res judicata. La. C.C.P. 927(B).
[3] Stipulations of the parties established plaintiff's right to workers' compensation and his pre-injury wage.