SUSAN M. CHEHARDY, Judge.
 

 12This is a boundary dispute between neighbors. The defendants appeal a judgment that granted a mandatory injunction to the plaintiff, ordering the defendants to remove a fence that encroaches on the plaintiffs property, and granted other relief. We affirm.
 

 FACTS
 

 Merlin J. Seminary, Jr. filed suit on December 17, 2008 against John C. DuPont and Roberta DuPont (hereafter collectively “DuPont”), alleging that he and DuPont are owners of adjacent immovable properties on Amigo Avenue in St. Phi-lomena Park Subdivision, Marrero, Jefferson Parish.
 
 [1]
 
 (DuPont is his next-door neighbors.) Seminary alleged that DuPont had installed a fence that encroached on his property by two feet and that Du
 
 *1184
 
 Pont refused to remove the fence despite amicable demand. Seminary sought a mandatory injunction ordering DuPont to remove all of the fence and chain wall that encroaches on Seminary’s property, and to fill and replace the sod that was removed from Seminary’s property as a result of the construction of the chain wall, at DuPont’s expense. Seminary also prayed for a permanent injunction prohibiting DuPont from constructing a fence and chain wall on any portion of Seminary’s property.
 

 | .¡DuPont answered with a general denial and asserted, as affirmative defenses, that the fence is located upon property owned by DuPont and that DuPont has “always owned, possessed and exerted dominion over the property up to and including the location of where the fence referenced in the petition is located since at least December 12, 1967.” Alternatively, DuPont alleged he has acquired the property up to and including the location of the fence by acquisitive prescription of 10 years and/or 30 years.
 

 DuPont also made a reconventional demand against Seminary, asserting that DuPont and Seminary acquired their adjoining lots (respectively, Lot 24 and Lot 25) from common ancestors-in-title, Alice Mae Lelaune, wife of/and Ernest Anthony Loupe, Jr. (“the Loupes”). DuPont asserted that the December 1, 1967 J.J. Krebs survey referenced in and attached to the DuPont act of sale “set and established the boundary line of Lot 24 as being a line running from the front of Lot 24 to the back of Lot 24 and being ten (10’) feet west of the edge of the carport illustrated on said survey, and parallel thereto.” Accordingly, DuPont asserted, when Seminary’s immediate ancestors-in-title (his parents) acquired Lot 25 from the Loupes in 1978,
 

 they acquired only that which the vendors had to sell, and that did
 
 not
 
 include any of the property located closer (or within) that line running from the front of the property to the rear of the property and being ten (10’) feet west and parallel to the edge of the carport illustrated on the December 1, 1967 J.J. Krebs
 
 &
 
 Sons, Inc. survey referenced above. It is from Irma Sanchez, wife of/and Merlin Jerome Seminary that the defendant-in-reconvention derives his ownership, and he can not acquire greater ownership than that possessed by Irma Sanchez, wife of/and Merlin Jerome [Seminary]. [Emphasis in original.]
 

 DuPont alleged that the recently constructed fence is on the DuPont property and within the line set forth in the 1967 survey, as illustrated on a February 4, 2009 |4survey by Richmond W. Krebs, attached to the DuPont reconventional demand. DuPont sought judgment dismissing Seminary’s petition and finding that the newly-constructed fence of which Seminary complains is located on the property owned by DuPont, appointing a surveyor to survey and set as the boundary separate Lot 24 from Lot 25 “that line running from the front of Lot 24 to the back of Lot 24 and being located ten (10’) feet west of the western edge of the carport on Lot 24 and parallel thereto,” to have the new survey declared to establish the boundary line separating Lot 24 and Lot 24, and filed in the public record, and assessment of all costs against Seminary.
 

 TRIAL
 

 At trial Seminary testified he purchased the property at 2840 Amigo Avenue from his mother; his parents had purchased the property approximately 20 years earlier, in 1978, when Seminary was eight years old. He remembered there was always a wooden fence between his family’s property and the property of their next-door neighbors, the DuPonts. The DuPont property was
 
 *1185
 
 mounded or built up and the Seminary property was lower. The wooden fence was located right where the mounding of the ground came down. When Seminary bought the property in 1998, he did not remove or change the location of the fence. The fence remained in the same place until 2005, when Hurricane Katrina damaged the fence. Seminary thereafter removed the fence and advised DuPont he was going to install another fence. According to Seminary, DuPont told Seminary he would have to move the fence two feet closer to Seminary’s home, because the previous owner had put the fence too close to DuPont and now that the fence was down he wanted it moved over.
 

 |sBoth men thereafter measured off their property line according to surveys both had. According to Seminary, when measured from DuPont’s property line at his other neighbor’s side, measurement according to the survey coincided with Seminary’s survey showing where Seminary’s property began. They remeasured, with the same result. According to Seminary, DuPont nevertheless insisted his property line was ten feet from the edge of his driveway and that was where he was going to fence. That line, as insisted on by DuPont, was two feet over the property line as shown on Seminary’s survey.
 

 Seminary testified that DuPont had modified his house in the late 1970s or early 1980s and expanded his driveway at that time, resulting in the two-foot discrepancy. DuPont denied there was any difference in the measurement of his home following the remodeling. Ultimately, despite further discussion, DuPont proceeded to build a chainwall and a chain link fence at the point he insisted is the true property line, which Seminary asserts is two feet onto his property.
 

 DuPont testified that the new fence is exactly where the old fence was, and denied there was any difference. He stated that the original survey of his lot showed the property line is ten feet from the slab of his carport, and that is how he measured to place the new fence.
 

 The earliest survey in evidence is a survey dated December 1, 1967, by J.J. Krebs & Sons, Inc. It shows DuPont’s property, consisting of Lots 23 and 24 of St. Phi-lomena Park Subdivision, is 100 feet front on the side facing Amigo Avenue. (The front of Lot 23 is 50 feet, and the front of Lot 24 is 50 feet.) Lot 25, which Seminary owns, has a front of 54.55 feet facing Amigo Avenue.
 

 Seminary obtained a survey of his property in 1998, when he purchased the property. That survey indicates a board fence was in place just inside the property line on Seminary’s side between Seminary’s and DuPont’s properties when the | ^survey was performed. The fence indicated on that survey is the one that was damaged by Hurricane Katrina and later removed.
 

 Seminary and DuPont also reviewed a survey from 1978, when Seminary’s parents bought Lot 25. The 1978 survey, as well as the 1967 and 1998 surveys, reflected that Seminary’s property was 54.55 feet front facing Amigo Avenue.
 

 In addition, in 2007 the Parish of Jefferson requested a survey be done of Seminary’s property and other properties in St. Philomena Park Subdivision. Like the other three surveys, this survey reflected that Seminary’s property is 54.55 feet front facing Amigo Avenue. The 2007 survey also showed that DuPont’s driveway varies in width, widening as it gets closer to the house. Seminary concluded that DuPont had widened his driveway when DuPont remodeled his house, and the widening accounted for the two-foot discrepancy in where DuPont claimed the property line was.
 

 
 *1186
 
 Seminary also entered in evidence a February 2009 survey by Richmond Krebs, which had been commissioned by DuPont, and Seminary called Richmond Krebs to testify at trial. Krebs testified that he performed a survey of the DuPont property after being contacted by DuPont’s counsel. The survey of Lots 23 and 24, done on February 4, 2009, revealed that the fence constructed by DuPont was beyond the property line and encroached onto Seminary’s property by 2.25 feet in the front and 2.00 feet in the rear.
 

 Krebs further testified that his father was the professional land surveyor who signed off on the 1967 survey. Richmond Krebs stated that in comparing his 2009 survey with the 1967 survey, he obtained the field notes made in connection with the 1967 survey. The 1967 field notes reflected that the width of the house at that time was 70 feet, 1-1/4 inches. At the time of the 2009 survey, however, the width of the house is now 72 feet, 4 inches, reflecting the house had been altered since |7the 1967 survey. Krebs explained this resulted in there being only 7.75 feet from the house to the property line, instead of the 10 feet shown in the 1967 survey.
 

 Krebs testified that after surveying the property he determined that the fence installed by DuPont encroached onto Seminary’s property by two feet, three inches.
 

 DuPont testified that he had rebuilt his house after the house sustained severe flooding in 1978 or 1979. He said he tore down the house completely and poured another slab right on top of his old slab. He asserted that the slab that was poured over the old carport did not extend beyond the dimensions of the old carport in any way. He acknowledged he still had a set of the plans for the house as rebuilt, but he did not have those plans with him at trial.
 

 DuPont testified that the prior wooden fence between his property and Seminary’s property was located 10 feet from his carport. He insisted he built the new fence in exactly the same spot as the wooden fence. He further testified he had maintained the property between his house and the prior wooden fence, and where the fence is today, by mowing the grass and keeping up the property.
 

 DuPont denied that any inches were added to the house on the side by Seminary’s property when it was rebuilt. He insisted that the field notes reflecting that his property had been widened since the 1967 were incorrect.
 

 Seminary also presented evidence that the cost for removing the chain wall and fence installed by DuPont, replacing the fill, and resodding the lawn, is $2,275.00, reflected in an estimate by a landscape company.
 

 The district judge ruled from the bench. In oral reasons for judgment, the court found as follows:
 

 Based on the law and the evidence, the court finds that the plaintiff has proved by a preponderance of the evidence that the new fence is in fact two-plus feet on | splaintiff s property. That is by an overwhelming evidence of every survey that’s been had from the beginning until the survey hired by the defendant.
 

 And, also, the defendant’s sui'vey indicated that there’s a two-foot larger carport than was there at one time.
 

 So I believe the plaintiff has carried their burden of proof, and, consequently, the court will order a mandatory injunc- , tion issue....
 

 The written judgment issued a mandatory injunction, decreeing that the fence and chain wall constructed by DuPont between their property and Seminary’s property encroaches on Seminary’s property. The judgment ordered DuPont to pay Semi
 
 *1187
 
 nary $2,275.00 as the cost of removal of all of the fence and chain wall that encroaches, and to fill and replace the sod that was removed from Seminary’s property as a result of the construction of the chain wall. The judgment further issued a permanent injunction prohibiting DuPont from constructing a fence on any portion of Seminary’s property. The judgment dismissed DuPont’s reconventional demand with prejudice and awarded all costs, as well as an expert witness fee, to Seminary.
 

 DuPont has appealed. Seminary has answered the appeal, seeking damages for frivolous appeal.
 

 On appeal DuPont contends the trial court erred in granting judgment to the plaintiff because the survey clearly showed that the DuPont fence did not encroach on Seminary’s property; alternatively, he asserts the court should have decided the matter on acquisitive prescription grounds. DuPont seeks to have the trial court’s decision reversed and the injunction vacated and dissolved. Alternatively, DuPont asks that we reverse and remand to the trial court “with instructions to prepare a sufficient record.”
 

 |flLAW AND ANALYSIS
 

 A trial court’s determination of a boundary location is a finding of fact that will not be disturbed on appeal unless it is manifestly erroneous.
 
 LePrettre v. Progressive Land Corp.,
 
 01-1660, p. 4 (La. App. 3 Cir. 6/19/02), 820 So.2d 1240, 1244. Where there is a conflict in testimony, the trial court has great discretion in making reasonable evaluations of credibility of the witnesses and reasonable inferences based on the evidence.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.
 

 Here, the testimony of Seminary and John DuPont conflicted as to whether the new fence was placed directly on the site of the old fence. The trial judge chose to believe Seminary rather than DuPont. That determination was wholly within the discretion of the judge and it is not manifestly erroneous.
 

 Further, the court relied on the surveys introduced in evidence, as well as the testimony of Richmond Krebs, that showed the new fence encroaches onto Seminary’s property. According to Krebs, DuPont’s house is now wider than it was in 1967, which accounts for the reduction is distance between the edge of DuPont’s carport and the property line. There is no showing that Krebs’ survey or his measurements are erroneous. Accordingly, the trial court did not err in relying on the surveys.
 

 DuPont claimed the new fence is on the site of the old fence, and that since he has maintained the grass, etc., on his side of the fence since he moved into the house, the property on his side is all his by acquisitive prescription if not by title. We find no merit to DuPont’s claim of acquisitive prescription. The trial court’s conclusion as to the boundary, including the finding that the new fence encroaches on Seminary’s property, invalidates DuPont’s claims.
 

 | |0Finally, we find no merit to DuPont’s arguments that the trial court made erroneous evidentiary rulings. DuPont attempted to introduce evidence, pursuant to La. C.E. art. 404(b) and 406, that Seminary had committed “prior bad acts,” specifically that Seminary had had disputes with other landowners in the subdivision regarding the extent of Seminary’s properties. The trial judge refused to permit the testimony at trial of one witness concerning the issue, but allowed in a deposition of
 
 *1188
 
 another witness on the issue. The judge ruled the evidence irrelevant to the matters before the court.
 

 We find no abuse of discretion in that determination. Whether or not Seminary had conflicts with other neighbors regarding his property limits does not affect the dispute he has with DuPont, and the specific facts of the case now before us. The trial court did not err.
 

 FRIVOLOUS APPEAL
 

 Seminary seeks damages for frivolous appeal, arguing that DuPont’s appeal is patently frivolous and violates the Code of Civil Procedure and the Louisiana Uniform Rules, Courts of Appeal.
 

 “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.” La. C.C.P. art. 2164.
 

 “The court may award damages for frivolous appeal in civil cases as provided by law.” U.R.C.A. Rule 2-19.
 

 La. C.C.P. art 2164 is penal in nature and must be strictly construed.
 
 Alombro v. Alfortish,
 
 02-1082, p. 9 (La.App. 5 Cir. 4/29/03), 845 So.2d 1171, 177,
 
 writ denied,
 
 03-1946 (La.10/31/03), 857 So.2d 485. An appeal is not automatically deemed frivolous simply because it lacks merit.
 
 Id.
 

 Frivolous appeal damages are allowed only when it is obvious that the appellant took the appeal solely for the purpose of delay or that counsel is not sincere in the view of the law he advocates.
 
 Poole v. Terrell Musgrove Siding & Gutter,
 
 05-240, p. 8 (La.App. 5 Cir. 11/29/05), 917 So.2d 1138, 1143.
 

 We find that the appeal was not frivolous. Therefore, we decline to award damages.
 

 DECREE
 

 For the foregoing reasons, the judgment is affirmed. The defendants-appellants, Roberta DuPont, wife of/and John C. DuPont, are cast with costs of this appeal.
 

 AFFIRMED.
 

 [1]
 

 . Seminary's address is 2840 Amigo Avenue; DuPonts' address is 2836 Amigo Avenue.