SUSAN M. CHEHARDY, Judge.
| ¡/This is an action for injunctive relief in which the plaintiff seeks to compel his next-door neighbors to trim or remove their trees that overhang the plaintiffs property. The plaintiff appeals a judgment that denied a preliminary injunction. We affirm.
The plaintiff, Charles Reasonover, owns and resides in the property at 419 Hector Avenue, Metairie, Louisiana.[1] The defendants, Wiley G. Lastrapes, Jr. and Judith W. Lastrapes (hereafter collectively “Las-trapes”), own and reside in the property at *306 417 Héctor Avenue, immediately adjacent to Reasonover’s property. Reasonover filed suit on August 18, 2009, alleging there are several large trees on Lastrapes’ property with branches that hang over Reasonover’s property, covering his roof, power lines, and-in some places covering over half of his yard. Reasonover asserted that as the trees have grown over the years they have caused increasing damage and other problems to his property. Rea-sonover alleged that as a result of hurricanes in 2005 and 2008, branches from the trees caused roof damage, tore down the gutter the length of the house, tore the electrical connection from the house, crushed the fence, and deposited branches and debris four to six feet high over his property.
IsReasonover asserted the trees present substantial problems, depositing large branches and enough leaves over his back yard to fill numerous bags, sometimes on a weekly basis, and filling up the gutter and downspouts, while the shade created by the trees as well as the leaves on the ground prevent grass from growing under the trees.
Reasonover alleged he twice discussed the tree problem with Lastrapes, but Las-trapes advised him in March 2009 that he did not intend to take any action with respect to the trees. Reasonover averred he made amicable demand, by letter, in April 2009, asking that the trees overhanging his property be trimmed or removed, as necessary, at Lastrapes’ expense. Rea-sonover asserted he faces irreparable injury because of the trees, as well as continued interference with his enjoyment of his property. He sought an injunction ordering Lastrapes to remove all tree branches and trees overhanging the plaintiffs property.
Lastrapes filed an Exception of Unauthorized Use of Summary Proceeding, asserting that a mandatory injunction cannot be issued on a hearing for a preliminary injunction. Hence, Lastrapes argued, Reasonover’s Motion for Preliminary Injunction is an improper use of a summary proceeding.
Lastrapes also filed an Answer that generally denied the allegations, but admitted that some branches of the trees overhang the property line, “as would normally be the case for trees growing near a boundary,” and admitted that defendant Wiley Lastrapes discussed the matter with Rea-sonover at or around the dates indicated by Reasonover. Lastrapes also raised the affirmative defense that Reasonover has failed to mitigate his damages.
In opposition to the exception, Reason-over asserted Lastrapes’ argument was inapplicable because he seeks an order prohibiting conduct by defendants and not a mandatory injunction. Alternatively, Rea-sonover argued the exception |4should not be considered because Lastrapes failed to comply with rules for time considerations in filing exceptions.
After a hearing at which the parties presented argument, but introduced no testimony or evidence,[2] the trial judge denied the preliminary injunction. The judge stated he found no irreparable injury, loss, or damage to the plaintiff, and therefore no grounds for a preliminary injunction. Reasonover moved for reconsideration or new trial, but the motion was denied. Reasonover appeals.
On appeal Reasonover asserts the trial court erred in refusing to grant a hearing *307 on the request for a preliminary injunction; in finding there was no basis for a preliminary injunction and no irreparable injury; in peremptorily denying the Motion for New Trial or Reconsideration without granting a hearing, setting the motion for argument, or giving reasons for the court’s ruling.
Lastrapes filed an answer to the appeal, seeking damages for frivolous appeal.
PRELIMINARY INJUNCTION HEARING
Reasonover asserts that at the preliminary injunction hearing, he was ready with witnesses and exhibits. The court heard argument only, however, and advised the parties that a ruling would be forthcoming shortly. Reasonover contends the court refused to permit hearing on the merits and refused to set the motion for reconsideration for argument. He argues the issue is not whether he is entitled to injunctive relief, but whether he is entitled to a hearing to determine whether injunctive relief is appropriate. He asserts the judgment is not in accord with applicable law directing an evidentiary hearing for preliminary injunctions, and the finding of no irreparable injury is not in accord with ease law. Reasonover seeks a ruling that sets aside the judgment denying the preliminary injunction and orders 1¡¡the district court to set a preferential hearing for trial on the merits of a permanent injunction.
In response, Lastrapes asserts that Rea-sonover’s Motion for Preliminary Injunction was an impermissible attempt to obtain mandatory injunctive relief in the form of a preliminary injunction, when a mandatory injunction requires a full trial on the merits. Lastrapes argues this was not an effort to maintain the status quo, the proper use of preliminary injunctive relief, but to use an injunction to change what was in place.[3]
LAW AND ANALYSIS
“A landowner has the right to demand that the branches or roots of a neighbor’s trees, bushes, or plants, that extend over or into his property be trimmed at the expense of the neighbor. A landowner does not have this right if the roots or branches do not interfere with the enjoyment of his property.” La. C.C. art. 688.
An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 8601(A). During the pen-dency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both. La. C.C.P. art. 3601(C). A preliminary injunction shall not issue unless the adverse party is given notice and there is an opportunity for a hearing. La. C.C.P. art. 3602.
A mandatory injunction orders a party to take specific action.[4] City of New Orleans v. Board of Directors of Louisiana State Museum, 1998-1170 (La.3/2/99), 739 So.2d 748, 756. “A mandatory injunc *308 tion may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evi-dentiary hearing that he is entitled to the preliminary injunction.” Id.
“An injunction is a harsh, drastic, and extraordinary remedy, and should only issue where the party seeking it is threatened with irreparable loss or injury without adequate remedy at law.” Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc., 97-152, p. 5 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, 452, writ denied, 97-2196 (La.11/21/97), 703 So.2d 1312. “A preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case.” Id.
The trial court has great discretion to grant or deny the relief. Lafreniere Park Foundation, 97-152 at 6, 698 So.2d at 452. “In order to obtain a preliminary injunction a plaintiff must show that he will suffer irreparable harm if the injunction is not granted, that he is entitled to relief sought, and he must make a prima facie showing that he will prevail on the merits.” Id. “It is not necessary to show irreparable injury, however, when the act complained of is unlawful.” Id.
“Irreparable injury means the moving party cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards.” Lafreniere Park Foundation, 97-152 at 8, 698 So.2d at 453.
One of the essential differences between a preliminary injunction and a permanent injunction, in addition to different delays, pleadings and types of admissible evidence, is that the former is interlocutory in nature and designed to preserve the status quo until a determination can be made on the merits of the controversy. Consequently, a preliminary injunction may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would 17suffer irreparable injury if the same is not granted, while a permanent injunction requires a preponderance of the evidence to support its issuance.
West Pub. Co. v. Intrastate Pipeline Corp., 254 So.2d 643, 647 (La.App. 4 Cir.1971), unit denied, 260 La. 405, 256 So.2d 290 (1972).
In Scott v. Ramos, 399 So.2d 1266 (La.App. 4 Cir.1981), writ denied, 404 So.2d 279 (La.1981), the Fourth Circuit held that the plaintiff landowner had only a qualified right to demand that his neighbor trim branches of the neighbor’s trees that extended over the landowner’s property at the neighbor’s expense; the right was limited to the extent that the branches interfered with the landowner’s enjoyment of his property.[5] The Scott decision is cited by Reasonover because in it the district court granted a permanent injunction ordering the defendant to trim back the offending trees. Reasonover relies on Scott as precedent for his assertion that he is entitled to a preliminary injunction.
Scott is not binding precedent for this Court. First, Scott is from another circuit.[6] Second, it was an appeal from a *309 permanent injunction, not a preliminary injunction.
Reasonover contends the issue on appeal is not whether he is entitled to an injunction, but rather whether he is entitled to, and was deprived of, a hearing on his request for preliminary injunction. He argues that the court erred in finding there is no irreparable injury when the court failed to conduct the required evidentiary hearing.
We find no abuse of discretion in the trial court’s ruling. First, Reasonover did not object in open court either when the judge stated he would hear argument, |Ror later when the judge said a ruling would be issued. Although Reasonover had informed the court that he was prepared to present witnesses and evidence, he did not complain on the record when the court indicated it was deciding the case based on the arguments the parties had just made. Second, as pointed out by Lastrapes, a preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case. Lafreniere Park Foundation, 97-152 at 5, 698 So.2d at 452. It is self-evident that the mandatory injunction sought by Reasonover would not preserve the status quo, but rather would require change in the status quo. Hence, a preliminary injunction was not appropriate.
We find no basis to overturn the trial court’s denial of the Motion for Reconsideration or for New Trial. There is no right of appeal from a judgment denying a motion for a new trial. General Motors Acceptance Corp. v. Deep South Pest Control, 247 La. 625, 173 So.2d 190, 191 (1965). Rather, an appeal must taken from the judgment on which the motion for new trial was filed, if it is an appealable judgment. Id.
Further, a ruling on a request for preliminary injunction is an interlocutory judgment, because the ultimate demand is for a permanent injunction. Thus, the trial on the merits is yet to be determined, and denial of a motion for reconsideration of an interlocutory ruling is within the discretion of the trial court. Prior to final judgment a district court may, at its discretion and on its own motion, change the result of interlocutory rulings it finds to be erroneous. VaSalle v. Wal-Mart Stores, Inc., 2001-0462, p. 4 (La.11/28/01), 801 So.2d 331, 334.
“A judgment denying a writ of preliminary injunction does not conclude the proceedings. The action remains pending in the trial court until the proceedings are dismissed by stipulation of the parties or by judgment of the court after full trial |9on the merits of the permanent injunction. Indeed, a trial court which denies a preliminary injunction is without power to order dismissal of the action therewith.” (Citations omitted.) Springlake Homeowners Ass’n, Inc. v. Pecot, 321 So.2d 789, 790 (La.App. 4 Cir. 1975).
FRIVOLOUS APPEAL
Lastrapes seeks damages for frivolous appeal, arguing that Reasonover’s appeal is patently frivolous and violates the Code of Civil Procedure and the Uniform Rules of the Louisiana Courts of Appeal.
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any *310 party to the suit, as in its judgment may be considered equitable.” La. C.C.P. art. 2164. “The court may award damages for frivolous appeal in civil cases as provided by law.” U.R.C.A. Rule 2-19.
La. C.C.P. art 2164 is penal in nature and must be strictly construed. Alombro v. Alfortish, 02-1082, p. 9 (La.App. 5 Cir. 4/29/03), 845 So.2d 1171, 1177, writ denied, 03-1946 (La.10/31/03), 857 So.2d 485. An appeal is not automatically deemed frivolous simply because it lacks merit. Id.
Frivolous appeal damages are allowed only when it is obvious that the appellant took the appeal solely for the purpose of delay or that counsel is not sincere in the view of the law he advocates. Poole v. Terrell Musgrove Siding & Gutter, 05-240, p. 8 (La.App. 5 Cir. 11/29/05), 917 So.2d 1138, 1143.
We find that defendants’ appeal was not frivolous; therefore, we decline to award damages.
ImDECREE
For the foregoing reasons, the judgment is affirmed, and the case is remanded for further proceedings. We defer assessment of costs for this appeal to the trial court on final determination of the lawsuit.

AFFIRMED.

WICKER, J., concurs in part and dissents in part.

. According to Lastrapes' Answer, Reason-over is not full owner of the property at 419 Hector Avenue, but shares an undivided fifty percent ownership interest with his three children, subject to a usufruct in his favor.

. Reasonover is a retired attorney. He assisted his counsel in arguing his case at the hearing.

. The trial court's ruling did not specifically address Lastrapes' Exception of Improper Use of a Summary Proceeding. Lastrapes has not raised that issue either by appeal or his Answer to Appeal. The judgment, however, by denying the preliminary injunction, had the same effect as granting the exception would have had, so the exception is now moot.

. A mandatory injunction should not be confused with mandamus. Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform certain duties set out in the Code of Civil Procedure. La. C.C.P. art. 3861.

. The author of Scott v. Ramos was the Honorable Lawrence A. Chehardy, not to be confused with the Honorable Susan M. Chehar-dy, who is author of the decision herein. The late Judge Lawrence A. Chehardy was the father of Judge Susan M. Chehardy.

. The Court of Appeal, Fourth Circuit, was the progenitor of this Court. The Fourth Cir *309 cuit was split in 1982 to create the Court of Appeal, Fifth Circuit, State of Louisiana.